IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| GARCIA FELIZ MALDONADO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:21-00514 |
| MICHAEL D. CARVAJAL, *et al.*, | ) |
| Defendants. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action with prejudice and deny Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 32) as moot.

## PROCEDURAL BACKGROUND

On September 13, 2021, Plaintiff, acting *pro se*, filed his Complaint in this matter claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) Plaintiff names the following as Defendants: (1) Michael D. Carvajal, Director of Bureau of Prisons; (2) J.C. Petrucc, Regional Director; (3) D.L. Young, Warden of FCI Beckley; and (4) J. Ball, Case Manager at FCI Beckley. (Id., pp. 2 – 3.) First, Plaintiff complains that he was improperly transferred to a higher security level institution (FCI Beckley). (Id., pp. 6 - 7.) Plaintiff explains

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See* Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

that in March 2021, Defendant Carvajal had "Plaintiff transferred from Moshannon Valley Correctional Facility, a low security prison located in Pennsylvania, to FCI Beckley, a high restricted security prison." (Id.) Plaintiff alleges that he has discussed with Defendants Carvajal, Petrucc, Young, and Ball, to no avail, his transfer back to a low security level prison. (Id.) Plaintiff explains that he has "5 security points" and "Beckley FCI houses inmates with 15 up to 27 security points based upon their history of violence or their violent offenses." (Id.) Plaintiff alleges that he "faces a substantial risk of harm because his security points (5) require that he be in a low level prison facility with less dangerous prisoners." (Id.) Plaintiff asserts that Defendants are acting with deliberate indifference to his safety by failing to transfer him to a lower security level prison. (Id.)

Second, Plaintiff alleges that Defendant Ball subjected Plaintiff to unnecessary and excessive force in violation of his Eighth Amendment rights on August 17, 2021. (Id., p. 7.) Plaintiff explains that during an office visit, Defendant Ball threw Plaintiff against the wall, slammed Plaintiff's head against the wall, and choked Plaintiff to the point that he gasped for air. (Id.) Plaintiff contends that he suffered "extreme pain" as a result of Defendant Ball's actions. (Id.) Plaintiff alleges that Defendant Ball's use of unnecessary force was the result of Plaintiff's attempt to file an administrative remedy against Defendant Ball about his transfer to a low security level prison. (Id.)

Finally, Plaintiff alleges that Defendants Carvajal, Petrucc, and Young are acting with deliberate indifference to Plaintiff's health and safety by denying him "well balanced daily meals containing sufficient nutritional value." (Id., pp. 7 – 8.) Plaintiff alleges that he is at a substantial risk of serious harm because "the food from the kitchen daily is spoiled [and so] nutritionally deficient that it is affecting Plaintiff's health conditions." (Id.) Plaintiff requests monetary and injunctive relief. (Id., p. 9.)

On October 1, 2021, Plaintiff filed his Application to Proceed Without Prepayment of Fees and Costs. (Document No. 6.) On December 27, 2021, Plaintiff filed his "Motion for Emergency Preliminary Injunction and Preliminary Hearing." (Document No. 7.) Plaintiff again complains that in March 2021, Defendant Carvajal had "Plaintiff transferred from Moshannon Valley Correctional Facility, a low security prison located in Pennsylvania, to FCI Beckley, a high restricted security prison that stays on institutional lockdowns for fights and violence." (Id.) Plaintiff explains that he has "five (5) security points" and he "is housed at FCI Beckley with inmates with 16 to 27 security points based upon their history of violence or their violent offenses." (Id.) Plaintiff alleges that he "faces a substantial risk of harm because his security points (5) require that he should have stayed housed in a low security facility with less dangerous prisoners and less prison restrictions." (Id.) Plaintiff alleges that he is likely to succeed upon the merits because "Defendants violated Plaintiff's due process and Eighth Amendment rights to the United States Constitution when they had him transferred from Moshannon Valley facility to Beckley FCI, a high restricted prison for medium custody inmates." (Id.) Next, Plaintiff alleges that Defendant Ball subjected Plaintiff to unnecessary and excessive force in violation of the Eighth Amendment. (Id.) Plaintiff concludes that he will likely suffer irreparable harm if the Court does not issue a preliminary injunction. (Id.) Plaintiff claims he "is a vulnerable inmate and is at risk of irreparable harm by other inmates who are violent by their security points 16 to 27 security points." (Id.) Plaintiff concludes that the threat of harm he faces outweighs any harm that the preliminary injunction will cause to Defendants and the preliminary injunction will serve the public interest. (Id.) Therefore, Plaintiff requests that this Court issue a preliminary injunction requiring Defendants to transfer Plaintiff back to a low security level prison. (Id.)

By Proposed Findings and Recommendation ("PF&R") entered on February 4, 2022, the

undersigned recommended that the District Court "**DISMISS** Plaintiff's Complaint (Document No. 1) as to his claim that Defendants violated the Eighth Amendment and the Due Process Clause by transferring him to a higher security level prison, **DENY** Plaintiff's "Motion for Emergency Preliminary Injunction and Preliminary Hearing" (Document No. 7), and **REFER** this matter back to the undersigned for further proceedings on Plaintiff's claim that (1) Defendant Ball subjected Plaintiff to excessive force in violation of the Eighth Amendment; and (2) Defendants Carvajal, Petrucc, and Young are denying Plaintiff a nutritionally adequate diet in violation of the Eighth Amendment." (Document No. 9.) By Order entered on February 14, 2022, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees as to Plaintiff's excessive force and inadequate diet claims under the Eighth Amendment and directed the Clerk to issue process promptly upon receipt of Plaintiff's initial partial payment of the filing fee. (Document No. 8.) Plaintiff paid his partial payment of the filing fee on February 25, 2022, and the Clerk issued process on February 28, 2022. (Document Nos. 13 and 15.) By Order entered on April 4, 2022, United States District Judge Frank W. Volk adopted the undersigned's PF&R, dismissed Plaintiff's Complaint as to his claim that Defendants violated the Eighth Amendment and the Due Process Clause by transferring him to a higher security level prison, denied Plaintiff's "Motion for Emergency Preliminary Injunction and Preliminary Hearing" (Document No. 7), and referred the matter back to the undersigned for further proceedings on Plaintiff's claim that (1) Defendant Ball subjected Plaintiff to excessive force in violation of the Eighth Amendment; and (2) Defendants Carvajal, Petrucc, and Young are denying Plaintiff a nutritionally adequate diet in violation of the Eighth Amendment. (Document No. 25.)

   On April 28, 2022, Defendants filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 32 and 35.) Defendants

argue that Plaintiff's claims should be dismissed based on the following: (1) Plaintiff failed to exhaust his administrative remedies (Document No. 35, pp. 11 – 14.); (2) "The Court lacks personal jurisdiction over Defendants Carvajal and Petrucci" (Id., pp. 14 – 16.); (3) There is "no supervisory liability in Bivens cases" (Id., pp. 16 – 17.); (4) Plaintiff's conditions of confinement claims fail to amount to a constitutional violation (Id., pp. 17 – 18.); (5) "The food provided to inmates at FCI Beckley is in compliance with national standards for food safety" and "there is no evidence presented by Plaintiff that would overcome the presumption that BOP regulations have been followed in relation to the provision of food" (Id., pp. 18 – 20.); (6) "Dismissal of the Complaint pursuant to Fed. R. Civ. P. 8 is appropriate" (Id., p. 20.); (7) "Plaintiff's claims must be severed" (Id., p. 21 – 24.); (8) "Plaintiff's allegations are demonstrably false" (Id., pp. 24 – 25.); and (9) "Defendants are entitled to qualified immunity" (Id., pp. 25 – 26).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on April 29, 2022, advising him of the right to file a response to the Defendants' Motion. (Document No. 39.) Despite being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his action, Plaintiff did not file a response to Defendants' above "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 32). After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on October 3, 2022, directing Plaintiff to "show cause in writing on or before October 18, 2022, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 39.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 32). (Id.) Plaintiff has made no contact with this Court since March 28, 2022. (Document No. 24.)

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
    **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Although Plaintiff filed a letter/exhibit in support of his Complaint on March 28, 2022, Plaintiff has done absolutely nothing since that time to demonstrate his interest in prosecuting this action. (Document No. 24.) Plaintiff failed to take action despite the Court's Roseboro Notice (Document Nos. 36), and the Court's Order directing Plaintiff to show cause for his failure to prosecute (Document No. 39). The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals little to no prejudice to the Defendants. Although Defendants filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," there is no indication that Defendants expended sufficient time or resources defending Plaintiff's action. Defendants' Motion largely relies upon the argument that Plaintiff failed to state cognizable claims and failed to exhaust his administrative remedies. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the Defendants.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for approximately seven months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw

v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Roseboro Notice and the show cause order. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed with prejudice[3] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1) with prejudice, **DENY as moot** Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 32), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank

---

[3] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise."

8

W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 28, 2022.

Omar J. Aboulhosn
United States Magistrate Judge